IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-235-BO

| | |
|---|---|
| NOLA M. HUNTER, | ) |
|         Plaintiff, | ) |
| v. | ) **ORDER** |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) |
|         Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 21 & 24]. A hearing on this matter was held in Raleigh, North Carolina on November 24, 2014 at 4:00 p.m. at which the Commissioner appeared via video feed. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

Ms. Hunter brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income under the Social Security Act. This Court remanded a previously final decision for further proceedings. *Hunter v. Astrue*, No. 4:09-cv-193. In that case, on October 13, 2010, this Court remanded for the administrative law judge (ALJ) to further consider the effect that Hunter's migraines would have on her ability to work. [Tr. 670–74].

Following the Court's remand, a different ALJ held a hearing on March 7, 2012 [Tr. 849–83]. The ALJ stated that a medical expert was present to testify and that the hearing would "explore that particular impairment [headaches] among others in a little bit more detail." [Tr.

852–53]. On May 12, 2012, the ALJ found that Hunter could perform a range of light work and, thus, was not disabled under the Act. [Tr. 652–69]. The Appeals Council denied Hunter's exceptions to the ALJ's decision making it the final decision of the Commissioner. [Tr. 642–44].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work

2

despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Plaintiff alleges that the decision of the ALJ is not supported by substantial evidence here as he improperly assessed the effects of plaintiff's chronic migraine and cervical tension headaches on her RFC. Upon remand, the ALJ had a medical expert ("ME") testify over the phone during the hearing. [Tr. 855]. The ALJ then relied upon the ME testimony to deny Ms. Hunter's claim despite the extensive documentation of her headaches, their frequency and duration, and their debilitating effects. The medical record is consistent with Ms. Hunter's testimony. [Tr. 123–24, 132, 135, 168–69, 174–75, 236–37, 265, 329, 331–35, 405, 485, 487–89, 491, 495, 589–91, 517, 595, 734–36, 739, 749, 756–57, 766, 768–71, 781–83, 787, 793–94, 807–10, 819–20, 829]. The vocational expert ("VE") testified that if Ms. Hunter were to miss a day of work per week, she would be unemployable. [Tr. 881–82]. Both Ms. Hunter's testimony and the medical record reflect that she has a severe headache at least twice per week accompanied by nausea, vomiting, and photophobia/phonophobia. When these occur, she must take her medicine and lie down for about 4-5 hours before she is able to be upright again. Thus, on average, the evidence in the record supports a finding that Ms. Hunter will muss about 2 days of work per week rendering her unemployable.

However, instead of relying on the substantial evidence in the record supporting a finding of disability, the ALJ decided to rely on the speculative testimony of the ME who testified over the phone at the hearing. The ME testified that Ms. Hunter's MRI's did not show any serious

3

problems to correlate with her headache syndrome. [Tr. 855]. He did not believe she was suffering from migraines because her treatments with IV solutions during the hospital stays were, in his opinion, unusual for migraines. [Tr. 856]. He thought that her headaches were more likely tension headaches which were more of an annoyance and were not disabling in nature. [Tr. 856]. He also speculated that her headaches were being caused by allergies or smoking and that if she avoided environmental irritants, she would be okay. [Tr. 856]. This testimony from the ME is clearly not supported by substantial evidence and it was error for the ALJ to give it great weight based on the opinion having a "cogent rationale." [Tr. 665]. The ALJ clearly failed to properly analyze the evidence in this case and ignored copious amounts of actual evidence in the record in favor of speculative testimony from a VE who had not examined plaintiff.

The Court finds that the ALJ's decision is not supported by substantial evidence and that the record clearly supports a finding of disability here. Plaintiff suffers from multiple severe headaches every week that, by the VE's testimony, make it impossible for her to obtain and retain employment at any exertional level. Accordingly plaintiff is disabled and this Court reverses the decision of the Commissioner and remands the matter to the agency for an award of benefits. Reversal for an award of benefits is proper where, as here, the case has already been heard by the district court once before and the agency continues to make mistakes on remand. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citing *Breeden v. Weinberger*, 493, F.2d 1002, 1012 (4th Cir. 1974). This case has been pending with the agency since 2005 (over 9 years) and substantial evidence in the record does not support the ALJ's decision to deny Ms. Hunter's benefits as the medical record overwhelmingly supports the conclusion that she is not able to function consistently due to the frequency and intensity of her headaches.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This 3 day of December, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE